UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER BERNEGGER,

    Plaintiff,

v.

FEDERAL ELECTION COMMISSION,

    Defendant.

**Case: 1:25-cv-04563**
**Assigned To : McFadden, Trevor N.**
**Assign. Date : 12/31/2025**
**Description: Pro Se Gen. Civ. (F-DECK)**

COMPLAINT FOR DECLARATORY
And INJUNCTIVE RELIEF
(52 U.S.C. § 30109(a)(8)(A))

/

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
### PRELIMINARY STATEMENT

Plaintiff Peter Bernegger brings this action under the Federal Election Campaign Act ("FECA"), 52 U.S.C. § 30109(a)(8)(A),(C), to compel the Federal Election Commission ("FEC" or "Commission") to act on his sworn administrative complaint alleging systematic violations of federal campaign finance laws by Senator Lindsey Graham's principal campaign committee and related actors. The FEC received Plaintiff's complaint on July 31, 2025, and assigned it Matter Under Review ("MUR") No. 8386. More than 120 days have passed without action. The Commission's continued inaction is contrary to law.

## I. NATURE OF THE ACTION

1. This is a citizen-suit action under 52 U.S.C. § 30109(a)(8)(A), which provides that "[a]ny party aggrieved by an order of the Commission dismissing a complaint filed by such party under paragraph (1), or by a failure of the Commission to act on such complaint during the 120-day period beginning on the date the complaint is filed, may file a petition" in this Court.

RECEIVED

DEC 3 1 2025

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

1

2. Plaintiff seeks: (a) a declaration that the Commission's failure to act on Plaintiff's administrative complaint within 120 days is "contrary to law" under 52 U.S.C. § 30109(a)(8)(C); and (b) an order directing the Commission to conform with such declaration within thirty (30) days pursuant to 52 U.S.C. § 30109(a)(8)(C).

3. Out of abundance of caution, Plaintiff will provide the statutory notice to the Commission and to the persons named as respondents in Plaintiff's administrative complaint.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 52 U.S.C. § 30109(a)(8)(A), which vests exclusive jurisdiction over citizen suits against the FEC in "the United States District Court for the District of Columbia."

5. This Court also has jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 2201 (Declaratory Judgment Act).

6. Venue is proper and exclusive in this district pursuant to 52 U.S.C. § 30109(a)(8)(A).

## III. PARTIES

7. Plaintiff Peter Bernegger is a citizen of the United States and a registered voter residing at 1806 Brynnwood Trace, New London, Wisconsin 54961. Plaintiff filed the underlying administrative complaint with the FEC and is an "aggrieved" party within the meaning of 52 U.S.C. § 30109(a)(8)(A).

8. Defendant Federal Election Commission is an independent agency of the United States government established by the Federal Election Campaign Act of 1971, as amended, 52 U.S.C. § 30106. The FEC is responsible for administering, interpreting, and civilly enforcing

FECA. The Commission's principal office is located at 1050 First Street, NE, Washington, D.C. 20463.

## IV. STANDING

9. Plaintiff has standing to bring this action under 52 U.S.C. § 30109(a)(8)(A),(C) because FECA confers a statutory right on a complainant to obtain timely Commission action on a properly filed administrative complaint, and Plaintiff is aggrieved by the Commission's failure to act within the 120-day period.

10. In addition, the Supreme Court has recognized that a complainant before the FEC may suffer a cognizable informational injury when the Commission fails to enforce FECA, because the complainant is deprived of information Congress required to be made public. *FEC v. Akins,* 524 U.S. 11, 21 (1998). Plaintiff also has a concrete interest in enforcement of the federal election laws and in receiving a determination on the merits of his complaint. See *Common Cause v. FEC*, 842 F.2d 436, 449 (D.C. Cir. 1988).

## V. STATUTORY AND REGULATORY FRAMEWORK

11. Under 52 U.S.C. § 30109(a)(1), "[a]ny person who believes a violation of this Act . . . has occurred, may file a complaint with the Commission."

12. Upon receiving a complaint, the Commission must notify the respondent(s) and provide them an opportunity to respond. 52 U.S.C. § 30109(a)(1); 11 C.F.R. § 111.6.

13. The Commission must then determine, by an affirmative vote of four Commissioners, whether there is "reason to believe" that a violation has occurred. 52 U.S.C. § 30109(a)(2). If the Commission finds reason to believe, it may conduct an investigation. If the

Commission does not find reason to believe, it may dismiss the complaint or otherwise close the file. Id.

14. If the Commission "fail[s] to act on [a] complaint during the 120-day period beginning on the date the complaint is filed," the complainant may file suit in this Court. 52 U.S.C. § 30109(a)(8)(A),(C).

15. The D.C. Circuit has held that a "failure to act" includes a failure to: (a) make a "reason to believe" finding; (b) vote to dismiss the complaint; or (c) take any other final action resolving the administrative complaint. See *Common Cause v. FEC,* 842 F.2d 436, 449 (D.C. Cir. 1988).

16. If the Court declares the Commission's failure to act "contrary to law," it "may direct the Commission to conform" with the declaration within thirty (30) days. 52 U.S.C. § 30109(a)(8)(C).

## VI. FACTUAL BACKGROUND

*A. The Administrative Complaint*

17. On July 31, 2025, Plaintiff filed a verified administrative complaint with the FEC pursuant to 52 U.S.C. § 30109(a)(1).

18. The administrative complaint alleged violations of FECA by the following respondents: Senator Lindsey Graham; Team Graham, Inc. (FEC ID: C00458828); affiliated committee actors; and WinRed as a fundraising conduit and intermediary for online contributions.

19. Specifically, Plaintiff's administrative complaint alleged that the respondents violated:

(a) 52 U.S.C. § 30122, by knowingly accepting contributions made in the name of another person ("smurfing" or "straw donor" contributions);

(b) 52 U.S.C. § 30104(b), by knowingly filing false reports with the Commission containing inaccurate contributor information; and

(c) 52 U.S.C. § 30116, by accepting contributions that circumvent statutory contribution limits.

20. The administrative complaint was supported by quantitative, statistical, and transaction-pattern evidence reflecting an alleged "smurfing" structure - high-frequency micro-donations and multi-same-day patterns that are not consistent with ordinary human donor behavior - supported by exhibits and underlying data tables.

21. A comprehensive committee-level analysis for Team Graham, Inc. (C00458828) states that the committee accepted 156,039 alleged "smurfed" transactions totaling $11,090,385, involving 18,040 unique alleged "smurfing" donors, representing 39.2% of available committee transactions analyzed and 17.2% of total committee transaction value analyzed. This report is attached as Exhibit 2.

22. The record also includes a "Top 50" table of unusually high-frequency donors and donation totals attributed to Team Graham, Inc., attached as Exhibit 3.

23. The record further includes example Schedule A receipt entries reflecting anomalous penny/one-dollar "transfer" activity (illustrative of unusual transactional behavior), attached as Exhibit 4.

B. FEC Acknowledgment and Inaction

24. By letter dated August 7, 2025, the FEC acknowledged receipt of Plaintiff's administrative complaint. The letter stated that the complaint was received on July 31, 2025, and that the matter had been assigned MUR No. 8386. A true and correct copy of the FEC acknowledgment letter is attached hereto as Exhibit 1.

25. Under 52 U.S.C. § 30109(a)(8)(A), the 120-day statutory period for the Commission to act on Plaintiff's complaint began on July 31, 2025, the date the complaint was filed.

26. The 120-day statutory period expired on November 28, 2025.

27. As of the date of filing this Complaint, more than 120 days have elapsed since July 31, 2025.

28. Despite the passage of more than 120 days, the Commission has failed to take any action on Plaintiff's administrative complaint. Specifically, the Commission has not:

    (a) Made a "reason to believe" determination under 52 U.S.C. § 30109(a)(2);

    (b) Voted to dismiss the complaint;

    (c) Entered into conciliation with the respondents; or

    (d) Taken any other final action communicated to Plaintiff.

29. Plaintiff has received no communication from the Commission regarding the status or disposition of MUR 8386 other than the initial acknowledgment letter.

VII. CLAIM FOR RELIEF

*(Failure to Act Contrary to Law – 52 U.S.C. § 30109(a)(8))*

30. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

31. The Commission's failure to act on Plaintiff's administrative complaint within 120 days, by failing to make a reason-to-believe determination, vote to dismiss, or take any other final action, constitutes a "failure of the Commission to act" within the meaning of 52 U.S.C. § 30109(a)(8)(A).

32. The Commission's failure to act is "contrary to law" within the meaning of 52 U.S.C. § 30109(a)(8)(C). See *CREW v. FEC,* 993 F.3d 880, 885-86 (D.C. Cir. 2021) (explaining the standard for determining whether FEC action is "contrary to law").

33. Plaintiff is aggrieved by the Commission's failure to act and is entitled to judicial relief under 52 U.S.C. § 30109(a)(8).

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that the Federal Election Commission's failure to act on Plaintiff's administrative complaint (MUR 8386) within 120 days is "contrary to law" under 52 U.S.C. § 30109(a)(8)(C);

B. Order the Commission to conform with such declaration within thirty (30) days by taking action required under FECA, including making a determination under 52 U.S.C. § 30109(a)(2);

C. Retain jurisdiction over this matter to ensure compliance with the Court's order;

D. Award Plaintiff his costs as allowed by law; and

E. Grant such other and further relief as the Court deems just and proper.

IX. EXHIBITS

Exhibit 1: FEC Acknowledgment Letter dated August 7, 2025

Exhibit 2: Committee Smurfing Report for Team Graham, Inc. (C00458828)

Exhibit 3: Top 50 Smurf Donors table for Lindsey Graham committees

Exhibit 4: Sample Schedule A entries (penny/$1 transfers) for Team Graham, Inc.

VERIFICATION

I, Peter Bernegger, am the Plaintiff in this action. I have read the foregoing Complaint and know its contents. The factual allegations in this Complaint are true and correct to the best of my knowledge, information, and belief, and are based upon my personal knowledge, documents in my possession, and publicly available records.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. *See* 28 U.S.C. § 1746.

Executed on: _____12-29_____, 2025

_____ Peter Bernegger

Respectfully submitted,                              Dated: December 29, 2025

_____

Peter Bernegger
1806 Brynnwood Trace
New London, WI 54961
Telephone: (920) 551-0510
Email: peter@electionwatch.info

8